UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GLENN CHEAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:07-CV-141 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| BO BURNETTE, Sheriff, MARION COUNTY ) | |
| SHERIFF'S DEPARTMENT, ) | |
| CHAD JOHNSON, BILLY POWELL, ) | |
| GENE HARGIS, KEVIN MCNABB ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before the Court is defendants Bo Burnette, Chad Johnson, Billy Powell, Gene Hargis, Kevin McNabb, and the Marion County Sheriff's Department's ("Defendants") motion to dismiss or for summary judgment (Court File Nos. 15 & 16). *Pro se* plaintiff Glenn Cheaves ("Plaintiff") has not filed a response or anything else since Defendants filed their motion on October 11, 2007. For the following reasons, Defendants' motion to dismiss or for summary judgment will be **GRANTED** (Court File No. 15).

### I. RELEVANT FACTS

According to Plaintiff's complaint (Court File No. 3-2), Defendants, who are deputies with the Marion County Sheriff's Department, came to his home with a search warrant to look for drugs. The search warrant related to the purchase of marijuana at Plaintiff's home. Plaintiff acknowledges there was marijuana and a gun in his home. Defendant Johnson took $1,040 from Plaintiff and

apparently charged Plaintiff with possessing marijuana and a firearm.  Plaintiff was handcuffed and then taken to the Marion County Jail despite his requests to take his blood pressure medication.  He thinks the booking process took too long, and is angry the judge, prosecutor, and his public defender referred to his drug trafficking arrest from over 30 years ago.  Plaintiff accuses defendant Johnson of lying during a court hearing about the money.

Plaintiff states he is not asking for the charges against him to be dismissed.  However, he believes the Marion County Sheriff's Department is harassing him and wants a restraining order against them.  He states, "all I'm asking for is my rights be used fairly in this matter."  He accuses defendant Burnette, who is the Marion County Sheriff, of negligence for his deputies' negligence, and requests the $1,040 be returned to him.

Defendants have moved to dismiss or for summary judgment.  They introduce evidence they returned the $1,040 to Plaintiff (Court File No. 16-1) and assert his claim is therefore barred by the doctrine of accord and satisfaction.  They also assert there is no case or controversy, some of Plaintiff's allegations are not ripe for the Court to decide, and there is no federal subject matter jurisdiction over other claims.

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007).  In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden rests on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The moving party must demonstrate the absence of a genuine issue of material fact, but the non-movant is not entitled to a trial solely on the basis of its allegations. The non-movant must submit significant probative evidence to support its claim, and from which a jury could find for the non-movant. *Celotex*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party is entitled to summary judgment if the non-movant fails to make a satisfactory showing on an essential element of its case for which it bears the burden of proof. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 252; *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III. DISCUSSION

The Court liberally construes Plaintiff's complaint, as it is required to do for *pro se* litigants.

*Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Plaintiff seems to make three allegations: (1) A restraining order is necessary to protect Plaintiff from harassment by Defendants; (2) Defendants took $1,040 from him; and (3) Defendants were negligent.

Plaintiff brings him complaint under 42 U.S.C. § 1983. Therefore, subject matter jurisdiction is proper. 28 U.S.C. § 1331. Under § 1983, a person can sue to vindicate the deprivation of constitutional rights by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Therefore the Court must determine if Plaintiff's claims assert violations of his constitutional rights.

Defendants argue they returned the $1,040 to Plaintiff, so his claim is barred by the doctrine of accord and satisfaction; there is no subject matter jurisdiction because there is no case or controversy; and there is no respondeat superior or negligence liability in actions under 42 U.S.C. § 1983.

Pursuant to E.D.TN. LR 7.1, Plaintiff had 20 days to respond to Defendants' motion. It has now been over four months, but Plaintiff has not responded or otherwise filed anything in this case. Under E.D.TN. LR 7.2, "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." Accordingly, Plaintiff is has waived any opposition to Defendants' motion.

It is not too surprising Plaintiff has not responded because he seems to have already received the monetary remedy he sought, which is the $1,040 Defendants took from him. Defendants introduced evidence of a settlement with Plaintiff, under which Defendants returned the $1,040. Plaintiff has not introduced contrary evidence nor disputed Defendants' contention. Because Plaintiff has recovered his money, this claim is moot. *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

Plaintiff also seeks a restraining order to prevent Defendants from violating his rights, but

Plaintiff has not alleged any violations of his constitutional rights. Also, it appears there is a pending state court criminal case; federal courts are precluded from interfering with ongoing state criminal proceedings.

As for Plaintiff's negligence claim, it is a state claim, and the Court will exercise supplemental jurisdiction over it pursuant to 28 U.S.C. § 1367. Plaintiff must demonstrate five elements to establish a claim for negligence: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care [a breach of the duty owed]; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." *Power & Tel. Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 932 (6th Cir. 2006) (citing *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn. 1993)). It is not clear what negligence Plaintiff is referring to. Maybe he is referring to the delay in being booked or the use of the words "drug trafficking," but neither of these state a claim for negligence. The facts indicate no violation of a duty of care owed to him nor any injury or loss resulting therefrom.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss will be **GRANTED** (Court File No. 15) and the case will be **DISMISSED**.

An Order shall enter.

                                               **/s/**
                                               **CURTIS L. COLLIER**
                                               **CHIEF UNITED STATES DISTRICT JUDGE**